### COZAD v CENTRAL BANK CO. et
### CENTRAL BANK CO. v VOGLER

Ohio Appeals, 9th Dist, Lorain Co

Nos 922 & 935. Decided Oct 27, 1939

E. H. Davidson, Lorain, and R. H. Rice, Elyria, for appellant.

Levin & Levin, Lorain, for appellee.

### OPINION
By WASHBURN, PJ.

The controversy in these actions in this court is between two parties who were defendants in the trial court in case No. 922, and one of whom was plaintiff and the other of whom was defendant in the trial court in case No. 935. It arose originally upon a cross-petition filed in the trial court in case No. 922 by Florence W. Vogler against the Central Bank Co. concerning dealings between them before the liquidation of the bank company, and the answer of the bank company denying the allegations of the cross-petition.

No question was raised by the bank company, either in the pleadings or at the trial, concerning its responsibility for the acts of which complaint is made, notwithstanding those acts occurred before the liquidation and reorganization of the bank company, which took place before the bank was sued in this action.

Nor was any question raised as to the propriety of litigating the issues between the two defendants in the suit.

The trial was to the court, a jury being waived, and judgment was rendered in favor of Mrs. Vogler for $600. An appeal on questions of law and fact was perfected, but, on motion in this court, the appeal on fact was dismissed, and the cause was submitted on questions of law.

No motion for a new trial was filed within three days after the entry of the judgment. After term, however, in a separate suit, a petition for a new trial was filed, on the grounds of newly discovered evidence and irregularity in entering judgment.

The petition for a new trial was denied. In that case an appeal on questions of law was perfected, which became case No. 935 in this court, and the two cases have been submitted to this court on questions of law—there being a bill of exceptions in each case.

The important question to determine is whether the petition for a new trial should have been granted.

That question does not present a situation such as is presented on a motion regularly filed within three days from the entry of the judgment.

Here the application for a new trial is after term, and is confined to such grounds as could not be discovered with reasonable diligence during term, and the only such ground urged is that of newly discovered evidence.

We find that the evidence introduced

at the hearing for a new trial is not newly discovered evidence with the pronouncement of the Supreme Court in the third paragraph of the syllabus in the case of **Sheen v Kubiac, 131 Oh St 52**, and that therefore the trial court did not err in refusing the petition for a new trial.

Furthermore, in passing upon the errors urged as having occurred in the trial in which the judgment was entered, such alleged newly discovered evidence cannot be considered as a part of the record.

The claim is made that certain evidence admitted in the trial was incompetent because it tended to vary the terms of a written contract, and that, without that evidence, there was no evidence of a situation which was the basis for the judgment.

We hold that such evidence was not incompetent as varying the terms of a written contract; it related to things to be done in the future, and was not inconsistent with the tranaction embraced in the writing.

Confining ourselves to the record and evidence before the court at the time the judgment was entered, we find no prejudicial error as to any of the matters concerning which complaint is made.

The judgment in each case will be affirmed.

DOYLE and STEVENS, JJ., concur.